IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY B. SCHOBERT,

    Plaintiff,
v.                                      CASE NO. 5:17-cv-35-MCR-GRJ

OFFICER ANDREWS, et al.

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, which he executed on January 22, 2017, and seeks leave to proceed as a pauper, ECF No. 2. The Complaint stems from the conditions of confinement at Northwest Florida Reception Center. Specifically, Plaintiff alleges that on December 28 and 29, 2016, Officer Andrews disregarded Plaintiff's calls for medical and mental health services. On December 29, Nurse Sweeden went to another inmate's cell to administer insulin, and ignored Plaintiff's calls declaring a mental health emergency. Later that evening, Nurse Sweeden administered Plaintiff's insulin and medication and Plaintiff showed her cuts he had made on his wrists. Nurse Sweeden did not offer assistance. Plaintiff alleges that Defendants' actions were negligent and incompetent, and violated DOC

rules.  He also alleges that his constitutional rights were violated.  For relief, Plaintiff seeks a total of $350,000.00 in damages for "physical and mental anguish".  ECF No. 1.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 9.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff identified eight prior federal

civil cases, all of which were filed in the Northern District of Florida:  4:16-cv-564-RH-CAS (dismissed 12/23/16 for failure to prosecute); 5:16-cv-262-LC-GRJ (dismissed on 10/26/16 for abuse of the judicial process); 5:16-cv-268-WTH-GRJ (voluntarily dismissed on 2/10/17 after recommendation of dismissal for abuse of the judicial process); 5:16-cv-272-WTH-GRJ (pending); 5:16-cv-275-LC-GRJ (dismissed 1/3/17 for failure to prosecute); 4:16-cv-623-MW-CAS (dismissed 2/24/17 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); 5:16-cv-279-WTH-EMT (pending); and 5:16-cv-309-WTH-GRJ (dismissed 12/20/16 for abuse of the judicial process).  ECF No. 1 at 3-4, 7-8.

A review of the Court's PACER Case Locator reflects that, contrary to his representations in the Complaint, Plaintiff filed an additional federal civil case prior to filing this case that he failed to disclose.  *See Schobert v. Jones*, Case No. 4:17-cv-43-WS-CAS (Pending).  Plaintiff executed the complaint in that case on December 30, 2016, and it was filed with the Court on January 20, 2017.  *Id.*, ECF No. 1.  Thus the omitted case was filed before Plaintiff executed the instant Complaint on January 22, 2017, and he was required to disclose the filing of  Case No. 4:17-cv-43-WS-CAS.

*Page 4 of 7*

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case

should not be dismissed prior to recommending dismissal.  Plaintiff cannot plausibly claim that he was unaware of the existence of the undisclosed case because it was recently filed.  Further, Plaintiff previously filed cases that were dismissed for abuse of the judicial process, as set forth above.

The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  Based on the list of prior cases noted above, Plaintiff has now accumulated three strikes since two prior cases were dismissed for the abuse of the judicial process and one prior case, 4:16-cv-623-MW-CAS, was dismissed for failure to state a claim after Plaintiff filed the instant Complaint.  Plaintiff therefore is prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED** and that this case should be **DISMISSED without prejudice** for abuse of

the judicial process.

**IN CHAMBERS** this 8th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**